# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0819-16T3

IN THE MATTER OF THE
CIVIL COMMITMENT OF R.M.,
SVP-143-00.

_____

Submitted March 27, 2019 – Decided May 9, 2019

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. SVP-143-00.

R.M., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent State of New Jersey (Melissa H. Raksa, Assistant Attorney General, of counsel; Victoria R. Ply, Deputy Attorney General, on the brief).

PER CURIAM

Appellant R.M. appeals from the August 29, 2016 order that continued his commitment to the Special Treatment Unit (STU) in Avenel pursuant to the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. Appellant disputes the testimony presented by the State's experts and contends

the State failed to show he had a mental disability and would likely reoffend if released. After a review of appellant's arguments in light of the record and applicable legal principles, we disagree and affirm.

Appellant is a fifty-five-year-old man with a significant history of committing sexually violent acts. In 1985, he was convicted on two counts of sexual assault of a seventeen-year-old girl and subsequently sentenced to a prison term.

In 1995, appellant was charged with two counts of aggravated sexual assault, one count of aggravated criminal sexual contact, and three counts of endangering the welfare of a child. The charges stemmed from the allegations of three girls, aged eight, thirteen, and fourteen. Appellant pleaded guilty to two counts of endangering the welfare of a child and was sentenced to prison for five years, with a one-year parole disqualification period, and community supervision for life.

Following the expiration of his prison term, appellant was committed to the Northern Regional Unit, now the STU, pursuant to the SVPA. Since then, he has had three review hearings — including this one — to determine the continuation of his civil commitment. We affirmed the two previous judgments of commitment. In re Civil Commitment of R.M., No. A-0686-01 (App. Div.

2

Feb. 25, 2004); In re Civil Commitment of R.M., No. A-3247-02 (App. Div. Aug. 31, 2004).

Appellant has refused sex-offender treatment while in the NRU/STU. He does not think he meets the criteria for treatment and believes the program is manipulative.

During the commitment hearing at issue, the State presented reports and testimony from two experts – Howard Gilman, M.D. and Paul Dudek, Ph.D. Although appellant successfully petitioned the court to receive funding from the public defender's office for an expert witness, he did not present one. Instead, he represented himself, and in addition to his own testimony, he produced several lay witnesses.

Dr. Gilman, a psychiatrist, testified that appellant continued to be at a high risk for sexual reoffending. He diagnosed appellant with pedophilia as well as a personality disorder with narcissistic and antisocial features. Dr. Gilman advised that appellant required treatment and his personality disorder was preventing him from accepting the required therapies.

In discussing the STATIC-99R, an actuarial test used to measure an individual's risk of sexual reoffending, Dr. Gilman stated he used appellant's

3

score of six[1] as a factor in his overall analysis, but it was not the single determinative factor. Appellant cross-examined Dr. Gilman extensively on his opinions and the STATIC-99R.

Dr. Dudek testified as the member of the team at the STU that prepared appellant's annual treatment progress review. He also diagnosed appellant with a pedophilic disorder and a personality disorder, as well as hebephilia.[2] Because appellant refused treatment, Dr. Dudek stated appellant had not "evidenced any understanding of the offense cycle and related dynamics, ha[d] not developed a meaningful relapse prevention plan, and ha[d] not expressed any remorse or accountability for his offenses."

Dr. Dudek advised that appellant's disorders and deviant arousal patterns would not spontaneously remit. Furthermore, his unwillingness to engage with treatment was symptomatic of his underlying personality disorder. Dr. Dudek concluded that appellant was highly likely to commit acts of sexual violence if released. He opined that appellant could lower his risk, but his "refusal to

---

[1] A score of six predicts appellant has a high risk of re-offense.

[2] Hebephilia is a sexual interest in young adolescents (eleven to fourteen years). HELEN GAVIN, CRIMINOLOGICAL AND FORENSIC PSYCHOLOGY 155 (2014).

4

consistently engage in treatment . . . remains his largest obstacle in making progress and reducing his dynamic risk to re-offend."

On August 24, 2016, the trial judge rendered a thorough oral decision in which he reviewed the history of appellant's commitment, his previous offenses, the evidence adduced at earlier hearings that led to the continuation of commitment, and the current expert reports regarding his mental health and their recommendations for continued commitment. He found both the State's experts and the defense witnesses credible.

The judge concluded that

> He is a very intelligent man, and . . . he's cooperating at the treatment orientation level, not causing any problems, but he's not engaged in treatment. And he, of course, has the intelligence to engage in treatment and to go through the treatment regimen here at the STU if he decided to do that, but he's -- he's oppositional to doing that and refuses to do it, or he feels that he shouldn't be here.
>
> . . . .
>
> And . . . he has no expertise on his side to in any way refute . . . the uncontroverted opinion of Dr. Gilman and Dr. Dudek, so -- . . . I find that everything supports the -- the opinions by the experts.
>
> . . . .
>
> I still find that there's clear and convincing evidence that [appellant] has been convicted of -- of  sexual

5

violent offenses, clear and convincing evidence that he continues to suffer from a mental abnormality or personality disorder, does not spontaneously remit, affects him emotionally, cognitively, volitionally, there's serious difficulty controlling his sexual violent behavior and predisposed to sexual violence, and highly likely to sexually reoffend, presently highly likely to sexually reoffend by clear and convincing evidence.

Under order of August 24, 2016, the judge continued appellant's commitment to the SVU.

Our review after a trial court's decision following a commitment hearing is extremely narrow. See In re Commitment of J.P., 339 N.J. Super. 443, 459 (App. Div. 2001) (citing State v. Fields, 77 N.J. 282, 311 (1978)). The trial court's decision "should be accorded 'utmost deference' and modified only where the record reveals a clear abuse of discretion." Ibid. (quoting Fields, 77 N.J. at 311). "The judges who hear SVPA cases generally are specialists and their expertise in the subject is entitled to special deference." In re Civil Commitment of R.F., 217 N.J. 152, 174 (2014) (citation and internal quotation marks omitted). In assessing the credibility of experts, "[a] trial judge is 'not required to accept all or any part of [an] expert opinion.'" Ibid. (alteration in the original) (quoting In re D.C., 146 N.J. 31, 61 (1996)). "The ultimate determination is a 'legal one, not a medical one, even though it is guided by medical expert testimony.'" Ibid. (quoting D.C., 146 N.J. at 59).

Under the SVPA, the State must establish three elements by clear and convincing evidence to involuntarily commit a person. The State must show:

> (1) that the individual has been convicted of a sexually violent offense; (2) that he suffers from a mental abnormality or personality disorder; and (3) that as a result of his psychiatric abnormality or disorder, "it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend."
>
> [Id. at 173 (citations omitted) (first citing N.J.S.A. 30:4-27.26; then quoting In re Commitment of W.Z., 173 N.J. 109, 130 (2002)).]

On appeal, appellant contends the State's experts did not have a solid foundation for their opinions, and the State did not prove he had a mental disability and would likely reoffend if released. Applying our standard of review and the applicable law, we are satisfied the expert testimony supports the judge's factual findings and his conclusion that appellant continues to be a danger to the community and that he should remain involuntarily committed. Our review of the record demonstrates that the trial judge appropriately determined appellant satisfies all three elements to warrant civil commitment.

At the hearing, the State presented two experts who detailed appellant's past sexual offending history, his refusal to engage in treatment, and his high likelihood of reoffending. The experts' diagnoses of pedophilia and an antisocial personality disorder were uncontroverted. It was also undisputed that these

A-0819-16T3

mental abnormalities would not spontaneously remit and could only be mitigated by way of treatment. The judge found Dr. Gilman's and Dudek's opinions credible that appellant's disorder and past behavior demonstrated he was highly likely to engage in acts of sexual violence unless he was confined.

Having reviewed the record, we find no basis to disturb the trial court's factual and legal conclusions. We, therefore, affirm substantially for the reasons expressed in the judge's well-reasoned oral decision as to the need for appellant's continued commitment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0819-16T3